UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCKLAND VENDING CORP., <br><br> *Plaintiff*, <br><br> -against- <br><br> ROXANNE CREEN, sued in her individual capacity, <br> MARSHA F. RILEY, sued in her individual capacity, <br> STEWART KIDDER, sued in his individual capacity, <br><br> *Defendants.* | **AFFIRMATION OF DANIEL SCHULZE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> 07 CV 6268 (KMK)(MDF) <br><br> (Electronically Filed) |

DANIEL SCHULZE affirms as follows:

1. I am an Assistant Attorney General in the office of Andrew Cuomo, Attorney General of the State of New York, and represent defendants in this action. I am familiar with the facts of this case. I submit this declaration in support of defendants' Motion for Summary Judgment. This declaration is based upon personal knowledge except where expressly stated otherwise.

2. Attached hereto as Exhibit A is a true and correct copy of the transcript of the deposition of Michael Freed, plaintiff Rockland Vending Corporation's President and FRCP 30(b)(6) designee, taken by defendants in this action.

3. Attached hereto as Exhibit B is a true and correct copy of the transcript of the deposition of plaintiff Kenneth Gallagher, taken by defendants in this action.

4. Attached hereto as Exhibit C is a true and correct copy of the transcript of the deposition of defendant Stewart Kidder, taken by plaintiffs in this action.

5. Attached hereto as Exhibit D is a true and correct copy of the transcript of the deposition of Nannette E. Ferri, taken by plaintiffs in this action.

1

6. Attached hereto as Exhibit E is a true and correct copy of the transcript of the deposition of defendant Roxann Creen, taken by plaintiffs in this action.

7. Attached hereto as Exhibit F is the original Affirmation of Roxann Creen in Support of Defendants' Motion for Summary Judgment.

8. Attached hereto as Exhibit G is the original Affirmation of Edward L. Jones in Support of Defendants' Motion for Summary Judgment.

9. Attached hereto as Exhibit H is a true and correct copy of the transcript of the deposition of DOCS Deputy Counsel George Glassanos, taken by plaintiffs in this action.

10. Attached hereto as Exhibit I is a true and correct copy of the Affidavit of Nannette E. Ferri in Opposition to Plaintiff's Request for a TRO with exhibits A-D thereto. The original affidavit was filed earlier in this case.

11. Attached hereto as Exhibit J is a true and correct copy of DOCS Directive 2270, produced by defendants in this action bearing Bates- numbers D97-100.

12. Attached hereto as Exhibit K is the original Affirmation of Marjorie Gardner in Support of Defendants' Motion for Summary Judgment.

13. Attached hereto as Exhibit L is a true and correct copy of a document produced by defendants in this action bearing Bates- number D8. This document is authenticated by Edward L. Jones in Exhibit G hereto as a true and correct copy of the letter created and maintained in the ordinary course of DOCS' business that was sent to Mr. Freed of Rockland Vending on March 27, 2007 informing him that the contract would not be renewed.

14. Attached hereto as Exhibit M is a true and correct copy of a document produced by defendants in this action bearing Bates- number D28. This document is authenticated by Edward L. Jones in Exhibit G hereto as a true and correct copy of the letter created and maintained in the

ordinary course of DOCS' business that was sent to Mr. Freed of Rockland Vending on May 5, 2007 reiterating again that the contract would end at the end of May, 2007, and demanding payment of amounts owed.

15. Attached hereto as Exhibit N is a true and correct copy of a document produced by defendants in this action bearing Bates- number D31. This document is authenticated by Roxann Creen in Exhibit F hereto as a true and correct copy of an e-mail created and maintained in the ordinary course of DOCS' business that Ms. Creen sent to George Glassanos on May 8, 2007 and his reply.

16. Attached hereto as Exhibit O is a true and correct copy of a document produced by defendants in this action bearing Bates- number D147-48. This document is authenticated by Roxann Creen in Exhibit F hereto as a true and correct copy of two pages of the register reflecting the balance in the Inmate Benefit Account at Shawangunk created and maintained in the ordinary course of DOCS' business.

17. Attached hereto as Exhibit P is a true and correct copy of a document produced by defendants in this action bearing Bates- number D143-46. This document is authenticated by Roxann Creen in Exhibit F hereto as a true and correct copy of the pages from the Visitors Entry Log kept at the front desk of Shawangunk covering the days May 1, 2007 through May 9, 2007 created and maintained in the ordinary course of DOCS' business.

18. Attached hereto as Exhibit Q is a true and correct copy of a document produced by defendants in this action bearing Bates- number D49. This document is authenticated by Roxann Creen in Exhibit F hereto as a true and correct copy of e-mails created and maintained in the ordinary course of DOCS' business exchanged between Ms. Creen and George Glassanos on May 8 and May 9, 2007.

19. Attached hereto as Exhibit R is a true and correct copy of the transcript of the deposition of Cheryl Freed, plaintiff Rockland Vending Corporation's Office Manager and wife of its President Michael Freed.

20. Attached hereto as Exhibit S is a true and correct copy of a document produced by defendants in this action bearing Bates- number D43-44. This document is authenticated by Roxann Creen in Exhibit F hereto as a true and correct copy of a letter she received from Mr. Freed or around June 18, 2007 maintained in the ordinary course of DOCS' business.

21. Attached hereto as Exhibit T is a true and correct copy of a document produced by defendants in this action bearing Bates- number D38-40. This document is authenticated by Roxann Creen in Exhibit F hereto as a true and correct copy of the May 11, 2007 letter drafted by Ms. Creen and DOCS Counsel George Glassanos and sent to Rockland, created and maintained in the ordinary course of DOCS business, stating that Rockland's contract with Shawangunk was terminated and equipment was being impounded pending Rockland's payment of amounts due under the contract.

22. Attached hereto as Exhibit U is a true and correct copy of a document produced by defendants in this action bearing Bates- number D54-55. This document is authenticated by Roxann Creen in Exhibit F hereto as a true and correct copy of an e-mail created and maintained in the ordinary course of DOCS' business that she sent to Mr. Glassanos on May 11, 2007.

23. Attached hereto as Exhibit V is the original Affirmation of Martha A. Denardo in Support of Defendants' Motion for Summary Judgment.

24. Attached hereto as Exhibit W is the original Affirmation of Deborah Fleury in Support of Defendants' Motion for Summary Judgment.

25. Attached hereto as Exhibit X is the original Affirmation of Sandra L. House in Support of Defendants' Motion for Summary Judgment.

4

26. Attached hereto as Exhibit Y is a true and correct copy of a document produced by defendants in this action bearing Bates- number D29.

27. Attached hereto as Exhibit Z is a true and correct copy of a document produced by defendants in this action bearing Bates- number D120-21. This document was received and maintained by the Office of the New York Attorney General in the ordinary course of business.

28. Rockland sought a Temporary Restraining Order in this litigation which, <u>inter alia</u>, would have allowed it to pick up its vending machines without payment of amounts owed under the contract. In early July, 2007, before the application was heard, I notified Rockland that DOCS was releasing the machines to Rockland unconditionally. Rockland nonetheless pressed forward with its TRO application, which sought other relief as well. On July 26, 2007, Rockland obtained an Order allowing it to pick up its vending machines on 24 hours notice without payment of amounts owed under the contract. The other relief sought at the time was denied.

29. After obtaining this emergency relief, Rockland did not make arrangements to pick up its vending machines from Shawangunk. I contacted Rockland's counsel at least twice in an attempt to arrange pickup, and Rockland finally arranged to pick up its machines at Shawangunk on or around August 28, 2007.

30. Both Rockland's counsel in this action and its bankruptcy counsel have informed me that Rockland has filed for bankruptcy reorganization under Chapter 11.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on April 10, 2008.

                                                  /s/
                                            Daniel Schulze