UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROCKLAND VENDING CORP.,

                            *Plaintiff*,

-against-

ROXANNE CREEN, sued in her individual capacity,
MARSHA F. RILEY, sued in her individual capacity,
STEWART KIDDER, sued in his individual capacity,

                           *Defendants.*

**AFFIRMATION OF ROXANN CREEN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

07 CV 6268 (WP)(MDF)

---

ROXANN CREEN affirms as follows:

1. I am a defendant in this case and employed by the New York State Department of Correctional Services ("DOCS") as the Institutional Steward for Shawangunk Correctional Facility, and have held this position for approximately 4 ½ years. I make this affirmation on personal knowledge except where expressly stated otherwise.

2. I am familiar with the contract that Rockland Vending Corporation had with my facility, and as Steward, one of my responsibilities is to administer the vending machine contracts with my facility. I have no responsibility for or involvement with vending machine contracts at facilities other than Shawangunk.

3. Mr. Gallagher was free to leave Shawangunk whenever he wanted on May 9, 2007, although he would not have been permitted to take money removed from the vending machines with him when he left. I took no steps to prevent Mr. Gallagher from leaving the facility, and did not instruct anyone else that they should prevent him from leaving the facility.

4. Mr. Gallagher never made any request or attempt to leave in my presence on May 9, 2007. If Mr. Gallagher had ever asked to leave, he would have been allowed to do so immediately.

5. I made the decision to terminate Rockland's contract with Shawangunk on May 11, 2007 because Mr. Freed told me that Rockland would not return to Shawangunk to service the vending machines, creating an emergency situation. I made this decision after conferring with DOCS Counsel George Glassanos, who advised me that I was legally entitled to terminate Rockland's contract.

6. The May 11, 2007 letter stating that Rockland's contract with Shawangunk was terminated and their equipment was being impounded pending Rockland's payment of amounts due and owing under the contract, attached as Exhibit T to the Schulze Affirmation, was drafted by myself and Mr. Glassanos in close consultation. Mr. Glassanos approved the final draft of the letter, and specifically advised me that I was legally entitled to impound Rockland's equipment pending payment. The letter was created and maintained by DOCS in the ordinary course of business.

7. Neither Stewart Kidder, Nan Ferri, nor anyone in DOCS Support Operations ever told or encouraged me to terminate Shawangunk's contract with Rockland Vending Corporation or to impound Rockland's equipment.

8. The document attached as Exhibit N to the Schulze Affirmation is a true and correct copy of an e-mail I sent to George Glassanos on May 8, 2007 and his reply. This e-mail was kept in electronic form by DOCS in the ordinary course of business, and a hard copy was printed out for purposes of this litigation.

9. The document attached as Exhibit O to the Schulze Affirmation is a true and correct copy of two pages of the register reflecting the balance in the Inmate Benefit Account at Shawangunk kept in the ordinary course of business by DOCS.

10. The document attached as Exhibit P to the Schulze Affirmation is a true and correct copy of pages from the Visitors Entry Log kept at the front desk of Shawangunk covering the days May 1, 2007 through May 9, 2007. This log is kept in the ordinary course of business by DOCS.

11. The document attached as Exhibit Q to the Schulze Affirmation is a true and correct copy of e-mails exchanged between myself and George Glassanos on May 8 and May 9, 2007. These e-mails were kept in electronic form by DOCS in the ordinary course of business, and a hard copy was printed out for purposes of this litigation.

12. The document attached as Exhibit S to the Schulze Affirmation is a true and correct copy of a letter I received from Mr. Freed of Rockland Vending on or around June 18, 2007. This letter was maintained by DOCS in the ordinary course of business.

13. The document attached as Exhibit U to the Schulze Affirmation is a true and correct copy of an e-mail I sent to Mr. Glassanos on May 11, 2007. This e-mail was kept in electronic form by DOCS in the ordinary course of business, and a hard copy was printed out for purposes of this litigation.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on April 8th, 2008.

*Roxann Creen*
Roxann Creen

3