UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROCKLAND VENDING CORP.,

                                          Plaintiff,

-against-

ROXANNE CREEN, sued in her individual capacity,
MARSHA F. RILEY, sued in her individual capacity,
STEWART KIDDER, sued in his individual capacity,

                                          Defendants.

**AFFIDAVIT OF NANNETTE E. FERRI IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A TRO**

07 CV 6268 (WP)(MDF)

---

STATE OF NEW YORK   )
                                 ) SS:
COUNTY OF ALBANY    )

NANNETTE E. FERRI, being duly sworn, deposes and says:

1. I am the Assistant Director of Support Operations for the New York State Department of Correctional Services ("DOCS"). I have worked in DOCS Support Operations for 19 years, and have held the position of Assistant Director for the last five years. DOCS Support Operations is the unit that oversees the vending machine contracts at all DOCS' correctional facilities. I make this affidavit based on the reports of facility stewards or business office representatives in the exercise of their official duties and from my own personal knowledge gained during the exercise of my official duties.

2. My unit prepares boilerplate invitations for bids and standard master contracts for vending machines services in DOCS' correctional facilities. Contracts are generally bid upon separately for each correctional facility (or group of facilities in close proximity). The contracts are generally for periods of three years, with an option to renew twice for further one year periods. Contracts with the selected bidder are entered for services at each facility incorporating the standard

master contract. The final contracts must be approved by the State Comptroller's Office. The facility steward then deals with the day-to-day operations under the contract and may call Support Operations if there are questions or problems.

3. The contracts all provide for the payment of commissions to DOCS based upon sales from the vending machines. The money from these commissions is placed in inmate benefit funds and employee benefit funds and is used for the benefit of DOCS inmates and employees. DOCS does not make a profit on the vending machine contracts.

4. In or about October, 2006 I gradually became aware that I was receiving a unusually large number of calls from various facilities regarding problems with the plaintiff, Rockland Vending Corporation. Specifically, I was told on many occasions by several different facilities that Rockland was not paying commissions on time under the contract terms, and that this problem had been ongoing.

5. Based on these reports of the facilities' difficulties with plaintiff honoring its commitments under its vending contracts, on November 8, 2006, I spoke with Michael Freed, plaintiff's president, who advised me that all due commissions on the contract would be paid. Following up on that conversation, on November 9, 2006, Stewart Kidder, DOCS's Director of Support Operations and my immediate supervisor, wrote a letter to Freed, attached as Exhibit (Ex.) A, advising plaintiff of its obligations to pay the commissions on time and that failure to do so might jeopardize the award of future state contracts.

6. Despite Freed's assurances and DOCS's admonishments, I continued to receive reports from the facility stewards of plaintiff's further delinquencies on payments owed under its contracts.

2

7. I recently asked each facility that has contact with Rockland for a status report regarding monies due from Rockland relating to the vending machine contracts. The facilities told me that Rockland remains behind on commissions owed under the contracts, has recently bounced several checks, and they have also told me of incidents where soda cans that do not include New York State deposit stamps were vended from Rockland's machines.

8. On May 16, 2007, the Office of the State Comptroller (OSC) informed DOCS, specifically the steward's office at Eastern Correctional Facility, that there were several issues relating to plaintiff which required further investigation before OSC would approve renewal of the Eastern contract. The communication from OSC is attached as Ex. D.

9. Specifically, I telephoned each facility and was told the following:

| | |
|---|---|
| a. Shawangunk CF | Rockland was in arrears on approximately $1800. The contract was terminated by written notice for non-payment on May 11, 2007. This notice is attached hereto as Exhibit B. |
| b. Coxsackie CF | Rockland is in arrears 3 months of commissions, estimated to be $1,000. The 3 year contract term ended. Rockland picked up all their machines on June 27, 2007. |
| c. Eastern CF<br>Ulster CF<br>(one contract) | Rockland is in arrears 3 months of commissions, estimated to be $2,625, $2100 for Eastern, $525 for Ulster. The contract is still in effect, but its term expires on August 10, 2007 |
| d. Fishkill CF | Rockland has made no payments at all since May 21, 2007 and owes approximately $4,500. Rockland has not responded to repeated calls from the facility. The contract is still in effect. |
| e. Fulton CF | Rockland is in arrears 9 months of commissions, estimated to be $800. Rockland has not responded to repeated calls from the facility. The contract is still in effect, its term expires October, 2007. |
| f. Lincoln CF | Contract term expired on March 31, 2007. Facility kept Rockland on in April and May, 2007 until a new contract was in place. Rockland is now claiming that they owe no commissions whatsoever for April and May because there |

3

was "no formal contract" in effect. Rockland picked up all its vending machines on June 1, 2007.

g. Otisville CF — Rockland is in arrears 8 months of commissions, estimated to be $4,400. The last three checks written by Rockland all bounced. Rockland has not responded to repeated calls from the facility. The contract was terminated by written notice for non-payment effective July 16, 2007. This notice is attached as Exhibit C

h. Greene CF — Rockland is in arrears approximately 6 months of commissions. Total owed is approximately $3,500. Contract expired June 2007.

i. Woodbourne CF — Rockland is in arrears approximately 5 months of commissions and has failed to make good on bounced checks. Total owed estimated to be $2,000. The contract is still in effect, its term expires in August, 2007.

10. The contracts in regard to Shawangunk CF and Otisville CF, as expressly stated in the termination letters attached hereto, Exs. B and C, were terminated for the reasons stated in the termination letters.

11. Based on the reports described in paragraph 9 above, the contracts in regard to Coxsackie CF and Lincoln CF have expired. I have been informed that the decisions not to renew these contracts were made because of Rockland's extensive history of non-payment.

12. On July 19, 2007, I transmitted to the facilities directions to make plaintiff's vending machines available to plaintiff for removal from the facilities without the requirement of first paying delinquencies.

Wherefore, plaintiff's motion should be denied and the complaint dismissed.

*[signature]*
NANNETTE E. FERRI

Sworn before me this
23rd day of July, 2007

FRANK J. GEBOSKY JR.
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GE6111501
Qualified in Albany County
Commission Expires June 14, 2008

*[signature]*
Notary Public

5



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

LUCIEN J. LECLAIRE, JR.
ACTING COMMISSIONER

DEPUTY COMMISSIONER
ADMINISTRATIVE SERVICES

November 9, 2006

Mr. Michael Freed
Rockland Vending Corporation
1 Sanford Avenue
Chester, New York 10916

Dear Mr. Freed:

It has been brought to my attention that you are delinquent with several facilities' commission checks for vending contracts. I have also been informed that this is an on-going problem.

I understand you spoke to Nan Ferri on November 8th and informed her that all commissions due would be paid. I am advising you that all commissions currently due must be paid to each facility within five business days. I remind you that each contract is very specific as to when the commissions check is to be paid. All future commission checks must be paid on time.

Failure to comply with the terms of these contracts may jeopardize the award of future New York State contracts, in accordance with vendor responsibility requirements of the New York State Procurement Law.

Sincerely,

Stewart R. Kidder
Director of Support Operations

cc: Nan Ferri

bcc: Fishkill Correctional Facility
Eastern NY Correctional Facility
Coxsackie Correctional Facility
Woodbourne Correctional Facility
Otisville Correctional Facility
Lincoln Correctional Facility
Fulton Correctional Facility
Shawangunk Correctional Facility
Greene Correctional Facility

Ferri,
Ex A



**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONAL SERVICES**
**SHAWANGUNK CORRECTIONAL FACILITY**
P.C. Box 750
WALLKILL, NY 12589-0750
(845) 895-2081

BRIAN FISCHER
COMMISSIONER

JOSEPH T. SMITH
SUPERINTENDENT

May 11, 2007

Mike Freed, President
Rockland Vending Company
1 Sanford Avenue
Chester, New York 10918

RE: Vending Contract

Dear Mr. Freed

    This is to confirm our conversation on Friday, May 11, 2007 at approximately 10:25 a.m. You are in arrears for commissions and space fees for the months of February, March and April, 2007. Numerous attempts have been made to contact you to obtain these funds. In fact, on Thursday, May 10th, I spoke with Cheryl to find out if you intended to stock the machines on Friday and she replied that she did not know.

    You are in violation of the Contract entered into February 1, 2005 with NYS DOCS, Shawangunk Correctional Facility. Therefore, in accordance with the terms of the contract, specifically paragraph 12 – Termination for Cause, you are in breach of contract and your services to Shawangunk Correctional Facility are hereby terminated effective Friday, May 11, 2007.

    At this time, we estimate commissions for three months ($587.71 avg/mo) and a portion of May ($195.90) to be $1,959.03. Please provide sales documentation for actual commissions due. In addition, the space fees for February, March, April, and May (10 days) ($104/mo) totaling $346.70 are due. On Wednesday, May 9th, 2007, we collected $455.00 from the machines which may be deducted from the actual amount due us under this contract.

    All Rockland Vending Company's equipment at this facility have been impounded pending payment of above commissions and space rental. The equipment will be stored in a secure area for up to 30 days. Machines containing perishable items will remain operational to minimize spoilage of items. An inventory of perishable items is attached.

Ferr,
Ex. B

Please contact me immediately to advise if you can pay in full for the amounts owed and make arrangements to pick up your equipment. At this time we consider the total bill for commissions and space rental, minus the $455.00 credit collected, to be $1,850.73. Payment must be made by cash or certified check prior to our releasing your equipment.

Thank you for your cooperation.

Sincerely,

Roxann Creer
Institution Steward

Cc: Supt. Smith
DSA Knott
G. Giassano, Esq
N. Ferrie – Support Operations

Faxed 7/9/07 (sl)
Mailed 7/9/07



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES
## OTISVILLE CORRECTIONAL FACILITY
P.O. BOX 8
OTISVILLE, NEW YORK 10963
(845) 386-1490

**BRIAN FISCHER**
*COMMISSIONER*

*SUPERINTENDENT*

July 9, 2007

Michael Freed, President
Rockland Vending Corp.
1 Sanford Avenue
Chester, New York 10918

Dear Mr. Freed:

    We have sent prior written notifications to you concerning the arrears of our commissions and space fees for the period of 10/25/06 till now. In addition, on June 4, 2007, we sent you a certified letter regarding the return of three checks dated 5/17/07 due to insufficient funds. Numerous phone attempts, the last being on 6/27/07, have been made as well concerning this issue. Cheryl did return calls on 6/12 and 6/21/07 stating that she hasn't forgotten and she will take care of as soon as possible. Still, we have not received any funds.

    This is in violation of our contract, detailed specifications, numbers 11 and 14; the contractor agrees to pay the facility commissions at the rate of 15% and a monthly space rental fee by the 10th of the month. Therefore, in accordance with paragraph 12 - Terminating for Cause, you are in breach of contract and your services to Otisville Correctional Facility are hereby terminated effective Monday, July 16, 2007.

    All Rockland Vending Corporation's equipment at this facility will be impounded pending payment of commissions and space fee. We estimate this total amount to be $4,462.75. This payment must be cash or certified check. Space fees are due in the amount of $980.00 (8 mos x $112/mo plus 3 wks x $28.00/wk). We estimate the commissions amount to be $3,482.75 (6 mos x $400.98 avg/mo plus a portion of July- $300.75 plus insufficient fund commissions for 10/25/06 - 12/22/06 - $776.12). Please provide sales documentation for actual commissions due.

    Please contact me immediately regarding payment as we would prefer to release your equipment.

    Thank you for your cooperation in this matter.

Ferr.
Ex. C

Sincerely,

*Sandra House* (signature)

Sandra House
Steward

cc: G. Glassano, Esq.
 N. Ferri - Support Operations
 N. Onorati, Head Account Clerk

CSwiderski@osc.state.ny.us  
05/16/07 08:25 AM

To: dlabbate@docs.state.ny.us  
cc:  
Subject: Fw: Cautionary Information Re: Rockland Vending

Post-It™ brand fax transmittal memo 7671 # of pages ▶

| To | Dan | From | Nan |
|---|---|---|---|
| Co. | Schulze | Co. | |
| Dept. | | Phone # | |
| Fax # | | Fax # | |

Carol L. Swiderski  
Contract Management Specialist 2  
NYS OSC - Vendor Responsibility Team  
110 State St.  
Albany, NY 12236  
Phone: 518-474-6017  
Fax: 518-408-3827

CONFIDENTIALITY NOTICE: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom it is addressed. If you have received this e-mail in error, please immediately notify Carol Swiderski by reply e-mail. Immediately delete any text, voice recording and/or pictures accompanying this e-mail from your system. If you are not the name addressee you should not disseminate, distribute or copy this email. If you are not the intended recipient you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

----- Forwarded by Carol Swiderski/MASFS/NYSOSC on 05/16/2007 08:25 AM -----

Carol Swiderski/MASFS/NYSOSC

05/15/2007 03:37 PM

To: dlabbate@docs.state.ny.us  
cc:  
Subject: Cautionary Information Re: Rockland Vending

Agency: Eastern Correctional Facility  
Contract: X041324  
Vendor: Rockland Vending  
Amount: Renewal

Pursuant to our phone conversation this afternoon, attached below is documentation and correspondence relating to several issues concerning Rockland Vending's services (late commission payments, overdrawn checks, can returns). Several DOCS agencies are experiencing these problems and some have either canceled contracts or opted to not renew. Also, Rockland Vending is on NYC School Construction Authority's Disqualified List and cannot bid on contracts for 5 years.

In the course of the Office of the State Comptroller's vendor responsibility review of the contract identified above, the following items of information about the vendor were discovered. We are bringing this information to your attention for your consideration and to provide an opportunity for conduct an independent review and/or to address the information with the vendor, if you so choose.

Item #1 –  
Item #2 -  
Item #3 -   SCA DETERMINED THAT ROCKLAND VENDING DEFAULTED ON ITS OBLIGATION TO

Ferri  
Ex. D

THE SCA FOR FAILURE TO MEET THE STATED TERMS AND CONDITIONS OF THEIR CONTRACT. ROCKLAND VENDING IS DISQUALIFIED FROM BIDDING ON OR RECEIVING ANY FURTHER WORK FROM THE SCA FOR A PERIOD OF 5 YEARS. Issues are same as what NYS agencies are experiencing. Late commission payments. NYSCA cancelled contract and is still awaiting payments from July 06 - Nov. 06.

As with any potential vendor responsibility issues, in independently analyzing this information, the contracting agency has a number of options. The agency may:
- determine that the item(s) are not relevant to the procurement or do not otherwise impact the agency's responsibility finding;
- choose to modify contract provisions or ask the vendor to take remedial action, as appropriate, to guard against any potential issues that this information may indicate;
- determine that the item(s) are relevant to the procurement and in the agency's assessment warrant a determination of non-responsibility (pursuant to due process).

In any case, we ask that you provide OSC with a written assessment of the identified information. This can be accomplished most efficiently with a revised Vendor Responsibility Profile. Item #13 on the OSC Vendor Responsibility Profile asks for identification of any vendor responsibility issues found. The narrative description field requires a summary description of the issue, how you identified the issue, any resulting actions. In the resolution field indicate the basis for the determination that the issue is or is not resolved to the contracting agency's satisfaction.

Please address any questions about this correspondence to me.

Thank you in advance for your attention to this information. We look forward to your response in five business days.

Carol L. Swiderski
Contract Management Specialist
NYS OSC - Vendor Responsibility Team
110 State St
Albany NY 12236

518-474-6017 Letters to Vendor re Late Commission Payments & Bounced (

Additional DOC Agency letters to vendor re Late Commis