*[Handwritten notes at top: "DSA Know", "FAX TO COUNSEL'S OFFICE FOR...", "natural + ...", "M.Sch"]*

# SUSSMAN & WATKINS
### - Attorneys at Law -

MICHAEL H. SUSSMAN
CHRISTOPHER D. WATKINS

40 PARK PLACE, P.O. BOX 1005
GOSHEN, NEW YORK 10924

(845) 294-3991
Fax: (845) 294-1623
sussman1@frontiernet.net

LEGAL ASSISTANTS
EVELYN BELL
GEORGE FIGUEROA
VIRGINIA ESPOSITO

*[Stamp: RECEIVED SUPERINTENDENT MAY 30 2007 SHAWANGUNK CORRECTIONAL FACILITY]*

May 28, 2007

Attorney General Andrew Cuomo
The Capital
Albany, NY 12224

Dear Mr. Attorney General:

I am writing on behalf of Michael Freed and the Rockland Vending Company [RVC], a business located in Chester [Orange County], N.Y.

By his company, Mr. Freed has contracts [obtained through state supervised bidding] with about ten correctional facilities in the southern region of New York State. These contracts require RVC to provide and service vending machines at each correctional facility. RVC employees generally daily service the vending machines, removing cash and coins and re-stocking product.

On May 11, 2007, one of Mr. Freed's drivers, Ken Gallagher, entered the Shawangunk C.F.[S.C.F.] to provide routine service to seven machines in the visiting room. The facility steward and another S.C.F. employee accompanied Gallagher into the room and then and there demanded that he turn over all cash/coin proceeds from the machines to them. Mr. Gallagher vehemently protested that he had no authority to do that, that he was responsible for placing said funds [uncounted] in a bag and bringing them back to his offices for counting and deposit. The steward claimed that since RVC was behind on monthly payments due S.C.F., she was entitled to self-help, i.e., to take all the funds he was there to retrieve.

Understanding that he was locked in the visiting room, deprived of access to a phone in the facility and unable to take any other action, Mr. Gallagher emptied each machine one by one and watched as the steward counted the proceeds. After repeating this seven times and re-stocking the machines, Gallagher was released

from the facility.

This outrageous conduct is not in keeping with an orderly society or the contract between RVC and the State of New York Department of Correctional Services.

Instead, the institution's steward acted in an entirely illegal manner by conditioning Gallagher's freedom on his agreement to break his fiduciary relationship with his employer. Roxanne Creen, the Institution Steward, acted in a patently improper manner in taking the "self-help" she did.

While RVC has been one or two months behind on making commission payments to S.C.F., Mr. Freed has long contended that unpaid for product is disappearing from the facility vending machines, causing his business considerable losses. In attempting to trace these constant thefts, with the attendant loss of money to his company, Mr. Freed has had no support from Ms. Creen or the facility.

I am requesting that your office immediately institute an investigation of this situation. My client and his workers will be pleased to cooperate.

Condoning such behavior would be a tragedy for our state and set a terrible precedent.

Sincerely,

Michael H. Sussman

cc: Brian Fischer, Commissioner, NY State Department of Correctional Services
    Joseph T. Smith, Superintendent, Shawangunk C.F., P.O. Box 750, Wallkill,
                NY 12580
    Michael Freed